

Signed and Filed: October 09, 2009

_____
THOMAS E. CARLSON
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 08-30173 TEC |
| BRYCO FUNDING, INC., | Chapter 7 |
| Debtor. | |
| E. LYNN SCHOENMANN, TRUSTEE, | Adv. Proc. No. 09-3087 TC |
| Plaintiff, | |
| vs. | |
| STATE OF CALIFORNIA, FRANCHISE TAX BOARD, | |
| Defendant. | |

**MEMORANDUM DECISION RE MOTION TO DISMISS**

For the reasons stated below, the court denies the Franchise Tax Board's motion to dismiss the first amended complaint.

FACTS

On October 16, 2006 and December 29, 2006, Bryco Funding, Inc. (Bryco) allegedly paid $210,963 (the Transfers) to the Franchise Tax Board (FTB) to satisfy the personal income tax obligations of Debtor's former officers and directors, Bryce Angell and John Aitken. Am. Compl. ¶¶ 6-8, 12.

MEMORANDUM DECISION
RE MOTION TO DISMISS                -1-

On February 4, 2008, Bryco filed a chapter 7 bankruptcy petition. E. Lynn Schoenmann was appointed Trustee of Bryco's bankruptcy estate.

On January 12, 2009, Trustee filed an action against the FTB in San Francisco County Superior Court to avoid the Transfers. The parties stipulated to dismissal of that action without prejudice.

On February 2, 2009, the FTB filed a proof of claim against Bryco, seeking recovery of unsecured and priority taxes totaling $36,846 for income taxes incurred by Bryco in 2006 and 2007.

On May 15, 2009, Trustee filed an action in this court against the FTB seeking to recover the Transfers. On July 28, 2009, Trustee filed an amended complaint in that action, seeking to recover the Transfers from the FTB as fraudulent conveyances pursuant to Bankruptcy Code sections 548(a)(1)(A) and 548(a)(1)(B).

MOTION TO DISMISS

On August 5, 2009, the FTB filed a motion to dismiss the first amended complaint. The FTB argues that Trustee's federal fraudulent-transfer claims are time-barred, because Trustee did not comply with the California Tort Claims Act. California Government Code section 911.2 establishes a one-year time limitation for suing the State to recover a fraudulent transfer. The FTB argues that this claim-filing requirement is a substantive element of the federal claims brought against the State, citing <u>Willis v. Reddin</u>, 418 F.2d 702 (9th Cir. 1969) and <u>United States v. State of California</u>, 655 F.2d 914 (9th Cir. 1980). The FTB also argues that the federal fraudulent-transfer claims are subject to Government Code section 911.2, because the federal statute does not expressly exclude application of California's Government Code requirements,

**MEMORANDUM DECISION**
**RE MOTION TO DISMISS** -2-

which are "part of a statutory complex designed to limit California's waiver of sovereign immunity."  The FTB contends that, when an essential state interest is at issue, "[t]o displace traditional state regulation . . . the federal statutory purpose must be 'clear and manifest.'" (citing BFP v. Resolution Trust Corp., 114 S.Ct. 1757, 1765 (1994).

The FTB also seeks to dismiss the complaint on the ground that Aitken and Angell are necessary and indispensable parties.  The FTB argues that if Aitken and Angell are not joined as parties, the FTB could be compelled to return the Transfers to Trustee, but be foreclosed from recovering the taxes owed from Angell and Aitken, because each of them has filed a chapter 7 bankruptcy petition and has received a discharge.

OPPOSITION TO THE MOTION TO DISMISS

Trustee contends that the exhaustion requirements of the California Tort Claims Act do not apply, because there is an independent basis for the bankruptcy court's jurisdiction.  Trustee also argues that, because section 548 defines all the elements of the federal fraudulent transfer claim, and because section 546 fixes a federal statute of limitations for such claims, application of the one-year limitation period in the California Government Code is barred by the Supremacy Clause.  Trustee notes that compliance with the claims-filing requirement would be necessary if the State's sovereign immunity would otherwise prevent the State from being sued, but contends that the State has no defense of sovereign immunity under Cent. Virginia Cmty. Coll. v. Katz, 546 U.S. 356, 370-79 (2006).

Trustee argues finally that Aitken and Angell are not

**MEMORANDUM DECISION**
**RE MOTION TO DISMISS** -3-

necessary and indispensable parties, because section 550(a)(1) authorizes Trustee to recover the Transfers from either the initial transferee *or* the entity for whose benefit the Transfers were made. Trustee further argues that failure to join the two officers will not subject the FTB to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations, because there is no risk that the FTB will be obligated to return the Transfers more than once.

DISCUSSION

1. Statute of Limitations

As acknowledged by the FTB, the California Tort Claims Act is "part of a statutory complex designed to limit California's waiver of sovereign immunity." State of California, 655 F.2d at 918. The Supreme Court recently held that sovereign immunity is not an available defense to fraudulent-transfer actions brought under the Bankruptcy Code, because the States surrendered their sovereign immunity with respect to proceedings involving bankruptcy courts' *in rem* jurisdiction and remedies ancillary to that *in rem* jurisdiction. Katz, 546 U.S. at 370-79. Because Trustee has sued the FTB only to avoid and recover fraudulent transfers, the State may not invoke sovereign immunity to defend against these claims. The provisions of the California Tort Claims Act can be invoked to limit enforcement of a federal claim only to the extent that a waiver of the State's sovereign immunity is necessary.

The Trustee's failure to exhaust state-law administrative remedies does not divest this court of jurisdiction to adjudicate the fraudulent transfer claims against the FTB, because the bankruptcy court has an independent basis for jurisdiction over the

**MEMORANDUM DECISION**
**RE MOTION TO DISMISS** -4-

claims. See Sullivan v. Town & Country Home Nursing Svcs., Inc. (In re Town & Country Home Nursing Svcs., Inc.), 963 F.2d 1146 (9th Cir. 1992) (failure to exhaust administrative remedy under Medicare Act and Federal Tort Claims Act did not divest bankruptcy court of jurisdiction over state-law claims).

Furthermore, the state statute of limitations contained in Government Code section 911.2 does not apply, because the federal fraudulent-transfer statute contains its own statute of limitations. 11 U.S.C. § 546(a); Reddin, 418 F.2d at 704 (state statute of limitation applies only in the absence of a federal statute of limitations); accord State of California, 655 F.2d at 917 (applying state claim-filing statute because no federal limitations period applied).[1] The court has not found, nor has the FTB cited, any case in which a court applied the statute of limitations established by the California Tort Claims to a federal claim that contained its own statute of limitations.

2. Necessary and Indispensable Parties

I determine that Aitken and Angell are not necessary and indispensable parties for the following reasons. First, the court may accord complete relief among the existing parties,[2] because Trustee may recover an avoided transfer either from the initial transferee of such transfer *or* from the individual for whose benefit the transfer was made. 11 U.S.C. § 550(a)(1). The FTB has

---

[1] The broad statement in Willis that California statutes conditioning "the right to sue the sovereign upon timely filing of claims . . . are more than procedural requirements [, t]hey are elements of the plaintiff's cause of action" does not support the FTB's argument. The Ninth Circuit in Willis expressly stated that California statutes may not impair federally created rights or impose conditions on them. Id. at 704-05.

[2] Fed. R. Bankr. Proc. 7019; Fed. R. Civ. Proc. 19(a)(1)(A).

**MEMORANDUM DECISION**
**RE MOTION TO DISMISS** -5-

not cited, nor has the court found, a case limiting or barring a trustee from recovering a fraudulent transfer from an initial transferee on the basis that the beneficiary's liability for the transfer has been discharged. Rather, courts have interpreted section 550(a)(1) to give a trustee the option to sue either the initial transferee or the beneficiary, because both are independently and strictly liable to repay the fraudulent transfer. Tese-Milner v. Brune (In re Red Dot Scenic, Inc.), 293 B.R. 116, 121 (S.D.N.Y. 2003); Marlow v. United States (In re Julien Co.), 136 B.R. 760, 764-65 (Bankr. W.D. Tenn. 1991); see Shapiro v. Art Leather, Inc. (In re Connolly North Am., LLC), 340 B.R. 829, 842-43 (Bankr. E.D. Mich. 2006) (that claim against initial transferee was barred by statute of limitations did not preclude trustee from recovering transfers from alleged beneficiary).

Second, it is not necessary to join Aitken and Angell to protect the FTB from multiple or inconsistent obligations. It is true that if the FTB is forced to repay the taxes paid on behalf of Aitken and Angell, the FTB may not be able to recover those tax payments from Aitken and Angell themselves. This is so, however, not because Trustee has failed to join Aitken and Angell in the present action, but because the tax liabilities of Aitken and Angell may have been discharged in their chapter 7 cases. It is also possible that the tax liabilities of Aitken and Angell are excepted from discharge under section 523(a), in which case the FTB can join with the present action a complaint against Aitken and Angell to determine the dischargeability of their tax liabilities.[3]

---

[3] In bringing a complaint to determine dischargeability of debt, the FTB could avail itself of the nationwide service of process provided by Fed. R. Bankr. P. 7004, and venue in this district would appear to be proper under 11 U.S.C. § 1409(a).

**MEMORANDUM DECISION**
**RE MOTION TO DISMISS**           -6-

Trustee cannot assert such a claim, because Trustee does not have standing to do so. To the extent that the tax obligations of Aitken and Angell were discharged, it is the discharge, rather than Trustee's failure to join Aitken and Angell in the present action, that causes the FTB harm.

**\*\*END OF MEMORANDUM DECISION\*\***

**MEMORANDUM DECISION**
**RE MOTION TO DISMISS** -7-

**Court Service List**

Dennis D. Davis, Esq.
Katherine D. Ray, Esq.
Goldberg, Stinnett, Davis and Linchey
44 Montgomery Street, Suite 2900
San Francisco, CA 94104

Kristian D. Whitten, Esq.
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7005